IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THIEBOLT RYAN P.A.
:
    v. : Civil Action No. DKC 13-2443
:
ONEBEACON AMERICA INSURANCE CO.
:

**MEMORANDUM OPINION AND ORDER**

    Plaintiff Thiebolt Ryan P.A., a law firm, alleges in its complaint that it took out a professional liability insurance policy with Defendant OneBeacon America Insurance Company effective from January 1, 2011, to January 1, 2012. "Under the policy, Defendant agreed, subject to various terms and conditions, to indemnify Plaintiff for all damages and expenses that Plaintiff is liable to pay, and does pay, as a result of (1) liability for alleged professional [malpractice], and (2) costs and expenses reasonably incurred and paid by Plaintiff in defense against any insured liability." (ECF No. 2 ¶ 34).

    In October 2011, a woman named Ruth Gittens "sent Plaintiff a demand, alleging that in June 2011 a retired attorney and partner, no longer employed by Plaintiff, incorrectly attached [her] bank account[.]" (*Id.* at ¶ 10). Ms. Gittens did not accept a settlement offer presented by Plaintiff in November 2011, opting instead to file suit in this court in June 2012.

*See Gittens v. Thiebolt Ryan, P.A., et al.*, Civ. No. RDB 12-1652. "On or about June 27, 2013, Ms. Gittens filed a second suit stemming from the same facts and circumstances alleging a violation of the Fair Credit Reporting Act." (ECF No. 2 ¶ 16); *see also Gittens v. Thiebolt Ryan, P.A., et al.*, Civ. No. RBD 13-1889. Plaintiff submitted a claim to Defendant on September 25, 2012, seeking to recover costs associated with the Gittens litigation. Defendant denied the claim on October 19, 2012, asserting that "the claim does not come within the Insuring Agreement because the claim was not reported in writing during the policy period or within sixty days thereafter." (ECF No. 2 ¶ 37).

On July 23, 2013, Plaintiff commenced this action in the Circuit Court for Prince George's County, Maryland, seeking an order "find[ing] and declar[ing] that Defendant is under a duty to indemnify Plaintiff against any sums which Plaintiff may incur and pay by reason of any claims asserted . . . by Ruth Gittens[,] including those set forth in the [pending] lawsuits[.]" (*Id*. at 7). Plaintiff further seeks a damages award in the amount of "the reasonable value of the benefits under the insurance policy at issue," plus "the costs of these proceedings." (*Id*.). Notably, for present purposes, the complaint asserts under the "Jurisdiction and Venue" section

that, "[p]ursuant to Md. Rule 2-305, the amount sought is $74,999.99." (*Id*. at ¶ 4).[1]

Defendant was effectively served on August 13 and removed to this court approximately one week later, asserting diversity of citizenship as the jurisdictional basis. (ECF No. 1). On August 29, Plaintiff filed the pending motion to remand, arguing that the amount in controversy requirement is not met because it "seeks a total amount limited to $74,999.99, exclusive of interest and costs, incurred in connection with two lawsuits filed against Plaintiff by Ruth Gittens for claims arising out of an allegedly negligent garnishment." (ECF No. 12, at 1). Defendant opposed the motion (ECF No. 17) and Plaintiff filed a reply (ECF No. 19).

When the plaintiff challenges the propriety of removal, the defendant bears the burden of proving the propriety of removal. *See Greer v. Crown Title Corp*., 216 F.Supp.2d 519, 521 (D.Md. 2002) (citing *Mulcahey v. Columbia Organic Chems. Co*., 29 F.3d 148, 151 (4th Cir. 1994)). In considering a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state

---

[1] Md. Rule 2-305 provides, in relevant part, that "[u]nless otherwise required by law, . . . a demand for a money judgment that does not exceed $75,000 shall include the amount of damages sought[.]" The advisory committee note for Rule 2-305 expressly states that the required statement "is necessary in order to determine if the case may be removed to a federal court based on diversity of citizenship." Committee Note to Md. Rule 2-305.

3

court." *Richardson v. Philip Morris Inc.*, 950 F.Supp. 700, 702 (D.Md. 1997) (internal quotation marks omitted). This standard reflects the reluctance of federal courts "to interfere with matters properly before a state court." *Id.* at 701.

Title 28 U.S.C. § 1441 allows defendants to remove an action "brought in a State court of which the district courts of the United States have original jurisdiction." Pursuant to 28 U.S.C. § 1332(a)(1), district courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States."

It is undisputed that the diversity requirement is satisfied in this case, but the parties disagree as to whether the amount in controversy meets the jurisdictional minimum. Generally, the amount requested in the complaint determines the amount in controversy. *See Momin v. Maggiemoo's Int'l, L.L.C.*, 205 F.Supp.2d 506, 508-09 (D.Md. 2002) (citing *Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993)). When a dispute arises as to whether the amount in controversy is sufficient to confer jurisdiction and the complaint specifies an amount in damages that does not exceed $75,000, "removal is proper only if the defendant can prove to a 'legal certainty' that the plaintiff would actually recover more than that if [it] prevailed." *Momin*, 205 F.Supp.2d at 509.

4

Here, the complaint explicitly states that "the amount sought is $74,999.99" (ECF No. 2 ¶ 4); thus, Defendant bears the burden of proving to a legal certainty that the amount in controversy requirement is satisfied. "Where the amount in controversy is contested, the proponent of federal jurisdiction must support its assertion with competent proof." *Momin*, 205 F.Supp.2d at 510 (quoting *Unified Catholic Schools of Beaver Dam Educational Ass'n v. Universal Card Services Corp.*, 34 F.Supp.2d 714, 716 (E.D.Wis. 1999) (internal marks omitted)). Defendant has failed to present any proof in support of its claim that more than $75,000 is actually at issue; rather, it merely argues that, "despite Plaintiff's transparent statement to the contrary, [it] does not limit the amount it is seeking to $74,999.99, but instead seeks a declaration that OneBeacon is liable to Plaintiff for 'any sums' incurred as a result of the Gittens lawsuits, including Ms. Gittens' claims of more than $250,000, defense costs for the two lawsuits, and the costs of this lawsuit, including attorneys' fees." (ECF No. 17, at 2). While the complaint may be susceptible to different interpretations, it is well settled that "a plaintiff is the 'master of the claim,'" *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)), and the removal statute must be construed against removal jurisdiction and in favor of remand, *see*

*Richardson*, 950 F.Supp. at 702. Because Defendant has failed to prove to a legal certainty that the amount in controversy requirement is satisfied, the case must be remanded.

Accordingly, it is this 1st day of October, 2013, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's motion to remand (ECF No. 12) BE, and the same hereby IS, GRANTED;

2. The case BE, and the same hereby IS, REMANDED to the Circuit Court for Prince George's County;

3. The clerk is directed to take all necessary steps to effectuate the remand promptly; and

4. The clerk is further directed to transmit copies of this Memorandum Opinion and Order to counsel for the parties, and to CLOSE this case.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge